UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-                              S-3 05 Cr 1262 (DLC)

YESID REMIGIO VARGAS-CUENCA, et al.,

       Defendants.
---------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAIME ROMERO-PADILLA'S PRE-TRIAL MOTIONS


JOYCE C. LONDON, ESQ.
20 Vesey Street, Suite 400
New York, New York 10007
Tel: (212) 964-3700

*Attorney for Defendant*
*JAIME ROMERO-PADILLA*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                            S-3 05 Cr 1262 (DLC)

YESID REMIGIO VARGAS-CUENCA, et al.,

        Defendants.
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## JAIME ROMERO-PADILLA'S PRE-TRIAL MOTIONS

### PRELIMINARY STATEMENT

    Under Indictment No S-3 05 Cr 1262 (DLC)), the grand jury of the Southern District of New York has charged Jaime Romero-Padilla and others in a two-count Indictment. Count One charges that Romero-Padilla and others with conspiring to violate the narcotics laws of the United States by manufacturing and distributing five kilograms and more of cocaine knowing that this controlled substance would be unlawfully imported into the United States in violation of 21 U.S.C. Section 960(b)(1)(B). Count Two charges that Romero-Padilla and others manufactured and distributed five kilograms and more of cocaine knowing that this cocaine would be imported into the United States in violation of 21 United States C ode, Section 959.

    This Memorandum of Law is submitted in support of defendant Romero-Padilla's motions for (1) an order pursuant to Rule 12 (b)(3)© of the Federal Rules of Criminal Procedure suppressing a post-arrest statement purportedly made by defendant Romero-Padilla in response to questioning by law enforcement agents who had not advised him of his *Miranda* rights; (2) an order permitting defendant Romero-Padilla to join in motions submitted by his co-defendants to

2

the extent that they are not inconsistent with the motions submitted herein; and (3) an order permitting defendant Romero-Padilla to make such other and further motions as may be appropriate and necessary.

## STATEMENT OF RELEVANT FACTS

The facts relevant to the instant motions are set forth in the accompanying Attorney's Affidavit executed on November 6, 2007, the exhibits attached thereto, and the Defendant's Affidavit.[1]  These facts are also incorporated into the relevant legal arguments, *infra*.

## ARGUMENT

## POINT I

**DEFENDANT ROMERO-PADILLA'S POST-ARREST STATEMENT MUST BE SUPPRESSED BECAUSE HE WAS QUESTIONED BY LAW ENFORCEMENT AGENTS WITHOUT FIRST BEING ADVISED OF HIS *MIRANDA* RIGHTS**

Romero-Padilla was arrested on April 3, 2006 in Bogota, Colombia.  Two days later on April 5, while still in Colombian custody, he was interviewed by United States law enforcement agents. Romero-Padilla contends that he was not advised of his *Miranda* rights before being interviewed by law enforcement agents. [2]  Significantly, no Waiver of Rights document acknowledging receipt and waiver of *Miranda* warnings has been provided in discovery and the DEA Form-6 Report of Romero-Padilla's post-arrest statements contains no mention of Romero-Padilla having been advised of his *Miranda* rights.

---

[1]     The Defendant's Affidavit and the Exhibits in support of the motion to suppress post-arrest statements are attached to the Attorney's Affidavit as Exhibits A and B respectively.

[2]     A copy of the DEA Form-6 containing the report of the interview and the post-arrest statement purportedly made by Romero-Padilla is attached to the accompanying Attorney's Affidavit as Exhibit B.

In <u>Miranda v. Arizona</u>, the United States Supreme Court declared that custodial interrogation generates "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he does not otherwise do so freely." <u>Miranda v. Arizona</u>, 348 U.S. 436, 467 (1966).  Therefore the prosecution may not use statements elicited through custodial interrogation unless the use of procedural safeguards guarantee that the accused has been informed of and has freely waived the Constitutional privileges of the Fifth Amendment. <u>Id</u>. at 444-45.  Under *Miranda,* law enforcement officers must warn a defendant that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed," prior to the commencement of any interrogation.  <u>Id</u>. at 444.

Accordingly, it is submitted that the statement allegedly made by defendant Romero-Padilla to law enforcement agents after his arrest was obtained in violation of his *Miranda* rights and should therefore be suppressed.

## CONCLUSION

For the reasons set forth herein, the relief requested should be granted.

Dated: New York, New York
       November 6, 2007

>                                          Respectfully submitted,
>
>
>                                          JOYCE C. LONDON, ESQ.
>                                          20 Vesey Street, Suite 400
>                                          New York, NY 10007
>                                          212: 964-3700
>                                          Attorney for Defendant
>                                          JAIME ROMERO-PADILLA

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-                                                          S-3 05 Cr 1262 (DLC)

YESID REMIGIO VARGAS-CUENCA, et al.,

       Defendants.
-------------------------------------------------------------x

## CERTIFICATE OF SERVICE

This is to certify that on November 6, 2007, a copy of the foregoing Memorandum of Law in Support of Defendant Romero-Padilla's Pre-Trial Motions was filed electronically with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following:

    Honorable Denise L. Cote                 (By Hand)
    United States District Chief Judge
    Southern District of New York
    500 Pearl Street
    New York, New York 10007

    Marc Berger, Esq..                         (By Hand)
    Assistant United States Attorneys
    Southern District of New York
    One Saint Andrews Plaza
    New York, New York 10007

                                                        _____
                                                             JOYCE C. LONDON