```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        -v-                         :    S3 05 Cr. 1262

JAIME ENRIQUE ROMERO-PADILLA,       :
        a/k/a "Yimmy,"
                                    :
                Defendant.
- - - - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

 

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for the United States
    of America

MARC P. BERGER
KEVIN R. PUVALOWSKI
Assistant United States Attorneys
    - Of Counsel -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - x

**UNITED STATES OF AMERICA**              :

      -v-                                  :     S3 05 Cr. 1262

**JAIME ENRIQUE ROMERO-PADILLA,**         :
      a/k/a "Yimmy,"
                                          :
      **Defendant.**
- - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The United States respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the United States or the defendant.

### The Charges

1. This is a criminal case. The defendant in this case, JAIME ENRIQUE ROMERO-PADILLA, who, it is alleged, is also known as "Yimmy" has been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this district. Count One of the Indictment charges that from in about August 2005 until in or about April 2006, ROMERO-PADILLA

participated with others in a conspiracy to violate the narcotics laws of the United States by agreeing to distribute a controlled substance with knowledge or intent that the substance would be imported into the United States.  Count Two charges that on or about October 17, 2005 the defendant actually distributed cocaine knowing or intending that the cocaine would be imported into the United States

    2.   Does any juror have any personal knowledge of the charge in the Indictment as I have described it?

    3.   Does any juror feel that he or she could not view fairly and impartially a case involving such charges?  Has any juror formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

    4.   Do any of you have any opinion about the enforcement of federal laws generally that might prevent you from being fair and impartial in this case?

    5.   Do any of you believe that the unlawful importation and distribution of narcotics, or conspiring to do so, should not be illegal, or that the laws governing these crimes should not be enforced?  Would any of you have difficulty following the law on narcotics violations as I will instruct you on it?

6. As you will learn during this trial, much of the conduct in this case took place outside the United States, in Colombia, among other places. The law provides that persons engaged in conduct occurring outside the United States may nevertheless be charged and punished in United States courts for violations of federal laws. The law recognizes that actions taken outside the United States may nevertheless have an important impact on the security of the United States and its citizens. Do any of you believe that such actions should not be considered by United States courts, or that such actions can have no impact on the United States and its citizens?

7. Has any juror been involved in an offense involving narcotics? Has any juror's relative, close friend or associate been involved in an offense involving narcotics? Has any juror, or any member of a juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with narcotics?

### Knowledge of the Trial Participants

8. As I mentioned a moment ago, the defendant in this case is JAIME ENRIQUE ROMERO-PADILLA. Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendant, Mr. ROMERO-PADILLA, or with any relative, friend or associate of any of the defendant?

9. Does any juror have any relatives, friends, associates, employers or employees who know or who have any dealings with the defendant, or with any relative, friend or associate of the defendant?

10. The defendant is represented by an attorney, Joyce London, Esq. *[please ask Ms. London to stand]*. Do any of you know Ms. London? Has any juror had any dealings with Ms. London, or with her law firm, either directly or indirectly?

11. The United States is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Marc Berger and Kevin Puvalowski. *[please ask the AUSAs to stand]*. They will be assisted throughout the trial by Andreas Dyer, a Special Agent with the United States Drug Enforcement Administration and Moire Dobransky, a paralegal in the United States Attorney's Office *[please ask SA Dyer and Ms. Dobransky to stand]*. Do any of you know Mr. Garcia, Mr. Berger, Mr. Puvalowski, Special Agent Dyer or Ms. Dobransky? Have any of you had any dealings, either directly or indirectly, with any of these individuals?

12. Does any juror know, or has any juror had any dealings, either directly or indirectly, with any of the

following persons who may be witnesses or whose names may be mentioned in this case:

**[A list will be supplied to the Court prior to jury selection.]**

13.  Does any juror know, or is any juror familiar with, either directly or indirectly, any of the following locations that may be mentioned in this case:

**[A list will be supplied to the Court prior to jury selection.]**

14.  Has any juror been to Colombia?  If so, what was the nature of the visit?  Has any juror, or member of a juror's family, had any dealings with, either directly or indirectly, law enforcement officials from or in Colombia?

### Relationship With Government

15.  Does any juror know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York or with any member of the Drug Enforcement Administration?  Is any member of your family employed by any law enforcement agency, whether federal, state or local?

16.  Has any juror -- either through any experience he or she has had or anything he or she has seen or read -- developed any bias or prejudice for or against the United States Attorney's Office, or the Drug Enforcement Administration?

-5-

17. Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States – including the Internal Revenue Service – or had any interest in any such legal action or dispute or its outcome? More specifically, have you, or has any member of your family, ever had a dispute concerning payment of money owed to you by the Government?

**Prior Jury Service**

18. Have you ever at any time served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where? Did the grand jury ever vote not to indict in a case presented to it? Would you have any difficulty following my instructions as to the burden of proof in this case, which is different than in the grand jury?

19. Have you ever served as a juror in a trial in any court? If so, in what court did you serve and was it a civil or criminal case? What type of case was it? Did the jury reach a verdict?

**Experience as a Witness, Defendant, or Crime Victim**

20. Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state

legislative committee, licensing authority, or Governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

21. Have you or has a relative or close friend ever been a witness or a complainant in any hearing or trial, state or local or federal?

22. Are you, or is any member of your family, or a close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

23. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

24. Have you or any relative, associate, or close friend ever been the subject of any investigation or accusation by any federal or state grand jury?

25. Have you or any friend or relative ever been a victim of a crime?

**Views On Witnesses and Evidence**

26.  <u>Law Enforcement Personnel</u>:  The witnesses in this case will include, among others, special agents with the United States Drug Enforcement Administration.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

27.  The witnesses in this case may also include, among others, law enforcement officers from Colombia.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer from a foreign country?

28.  <u>Accomplice Witnesses</u>.  You may hear testimony in this case from accomplice witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pled guilty to various crimes and are testifying on behalf of the United States pursuant to a cooperation agreement.  I instruct you that the use of such accomplice witnesses is perfectly legal and is often a necessary law enforcement tool.  Do any of you have any experience with or feelings about the use of accomplice witnesses generally, or the use of evidence or information obtained from accomplice witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from an accomplice witness?

29.  <u>Expert Witnesses</u>.  You may hear testimony in this case by expert witnesses.  Have any of you had any experiences

with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

30. <u>Searches</u>.  Some of the evidence may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches at trial?

33. <u>Recordings</u>.  Some of the evidence may also come in the form of recordings of discussions involving the defendant, during which discussions the defendant did not know he was being recorded.  Again, I instruct you that this was a completely legal law enforcement tool, and the evidence obtained from these recordings is admissible in this case.  Do any of you have strong feelings about the making or use of such recordings?

34. <u>Particular Types of Evidence</u>.  Does anyone have any expectations about whether certain types of evidence, such as DNA or fingerprint analysis, should be presented by the Government at a criminal trial?  Would any of you be unable to follow my instructions that the Government is not required to use any particular technique investigating and presenting evidence of a crime?

### Persons Not On Trial

35.  The defendant is charged with acting together with others in the commission of the charged crimes.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the United States or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### Other Questions

36.  Does any juror have a problem with his or her hearing or vision which would prevent him or her from giving full attention to all of the evidence at this trial?  Is any juror taking any medication which would prevent him or her from giving full attention to all the evidence at this trial?  Does any juror have any difficulty in reading or understanding English in any degree?

### Function of the Court and Jury

37.  The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law you must take your instructions from the Court and you are bound by those instructions.  You may not substitute your notions of what the law is or what you think it should be.  At the conclusion of the

-10-

case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.

      38.  Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of the law that I will give you in this case?

      39.  Will each juror accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberation of the jurors as to whether the defendant on trial here is guilty?

      40.  Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of either defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of either defendant?

      41.  It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict against the defendant for reasons unrelated to the law and the evidence?

      42.  Does any juror have any religious, philosophical or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law and the evidence?

**Other Biases**

43.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reasons whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

**Juror's Background**

44.  The United States respectfully requests that the Court ask each juror to state the following information:

- (a)  the juror's occupation;
- (b)  the name of the juror's employer;
- (c)  the period of employment with that employer;
- (d)  the nature of the juror's work;
- (e)  the same information concerning other employment within the last five years;
- (f)  the same information with respect to the juror's spouse and any working children;
- (g)  the area in which the juror currently resides and any other area in which the juror has resided during the last five years;
- (h)  the educational background of the juror, including the highest degree obtained;
- (i)  the juror's hobbies;

  (j) the names of the newspapers and magazines the juror reads; and

  (k) the names of the television programs the juror regularly watches.

### Requested Instruction Following Impaneling of the Jury

45. From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.  This rule about not discussing the case with others includes discussions even with members of your own family or friends.

46. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

47. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, even to offer a friendly greeting.  So if you happen to see

any of them outside this courtroom they will, and should, ignore you.  Please do not take offense.  They will only be acting properly by doing so.

Dated:   New York, New York
         January 23, 2008

                                  Respectfully submitted,

                                  MICHAEL J. GARCIA
                                  United States Attorney for the
                                  Southern District of New York,
                                  Attorney for the United States
                                       of America


                          By:  _____/S/_____
                                  MARC P. BERGER/KEVIN R. PUVALOWSKI
                                  Assistant United States Attorneys
                                  Tel.:  (212) 637-2207/-2311

**CERTIFICATE OF SERVICE**

KEVIN R. PUVALOWSKI deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York, and that on January 23, 2008, he caused a copy of the within Government's Proposed Examination of Prospective Jurors to be served electronically on:

> Joyce London
> 20 Vesey Street, Suite 400
> New York, NY 10007
> Tel: 212-964-3700
> Fax: 212-964-2926
> Counsel for JAIME ENRIQUE ROMERO-PADILLA

by causing a copy of same to be served and filed via the Court's electronic case filing system, and by electronic mail.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         January 23, 2008

                                       /S/
                                KEVIN R. PUVALOWSKI